UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|                              |   |                         |
|------------------------------|---|-------------------------|
| ALFRED JOHNSON,              | : | CASE NO. 1:23-cv-2193   |
|                              | : |                         |
| Plaintiff,                   | : | ORDER                   |
|                              | : | [Resolving Doc. 1-3]    |
| v.                           | : |                         |
|                              | : |                         |
| CITY OF CLEVELAND, et al.,   | : |                         |
|                              | : |                         |
| Defendants.                  | : |                         |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Alfred Johnson sues Defendants City of Cleveland, Chief of Police Dornat A. Drummond, Deputy Chief Joellen O'Neill, and Jarod Schlacht. Johnson, a former Cleveland Police Commander, alleges that Defendants unfairly instigated biased investigations based on false allegations of misconduct, and then improperly suspended and demoted him after a civil service board found him guilty.[1]

Johnson accompanied his state court complaint with a motion for a temporary restraining order.[2] In his motion for a temporary restraining order, Johnson requests preliminary junctive relief to enjoin Defendants from disciplining him and reinstating him to Commander.[3] Defendants removed the case to this Court.[4]

For the following reasons, the Court **DENIES** Plaintiff's motion for a temporary restraining order and the requested injunctive relief.

---

[1] *See* Doc.1-2.
[2] *See* Doc.1-3, PageID #: 23.
[3] *Id.* Defendants filed an opposition, which the Clerk's office terminated due to a procedural issue. *See* Doc. 3, Dkt., Nov. 15, 2023. The Court takes notice of Defendants' filing.
[4] Doc. 1, PageID #: 1.

Case No. 1:23-cv-2193
GWIN, J.

## I.    BACKGROUND

Plaintiff Johnson acted as a member of the Cleveland Police's Gang Impact Unit (GIU) between 2012 and 2022.[5]  In 2021, Johnson applied for and was promoted to Sergeant, then Commander.[6]  Johnson held supervisory responsibility over other GIU officers in these roles.

Johnson says that certain GIU officers, including Defendant Schlacht, were displeased with his promotion to Commander.[7]  Johnson says those officers believed the Commander position should have been given to a white officer or a black officer who would not object to the Cleveland Police's unlawful practices.[8]  Johnson also says he was hired over Defendants O'Neill and Drummond's protests.[9]

Johnson says that beginning in January 2022, the Defendants began a series of concerted, retaliatory Internal Affairs investigations into Johnson's performance as a supervisory officer.[10]  These investigations concerned allegations of excessive use of force and officers' failure to wear body cameras while under Johnson's supervision, *inter alia*.[11]

Johnson says that he suffered emotional and mental distress and reputational harm because of the investigation.[12]

After two hearings, the Department of Public Safety found Johnson guilty of fourteen misconduct allegations.[13]  As a result, the Department demoted Johnson from Commander

---

[5] Doc. 1-2, ¶6.
[6] *Id.*, ¶17.
[7] *Id.*, ¶16.
[8] *Id.*, ¶18.
[9] *Id.*, ¶15.
[10] *Id.*, ¶¶21-23.
[11] *See* Doc. 301, PageID #: 83-86.
[12] Doc. 1-2, ¶¶25-26.
[13] Doc. 3-4, PageID #: 391-92.

Case No. 1:23-cv-2193
GWIN, J.

to Sergeant, effective September 23, 2023.[14]  The Department also suspended Johnson for thirty days, also effective September 23, 2023.[15]

Johnson filed a grievance to appeal his suspension.[16]  He also filed discrimination claims with the EEOC and the Ohio Civil Rights Commission.[17]  Finally, he filed this lawsuit in the Court of Common Pleas, Cuyahoga County.[18]  Johnson seeks "an injunction Restraining Defendant City from executing his suspension and restoring his former rank of Commander immediately," along with damages.[19]

## II.    LEGAL STANDARD

A temporary restraining order is an extraordinary remedy.  When determination whether to issue a temporary restraining order, Sixth Circuit courts consider: (1) "whether the movant has a 'strong' likelihood of success on the merits;" (2) "whether the movant would otherwise suffer irreparable injury;" (3) whether the order's issuance would substantially harm others; and (4) the public's interest in granting a stay.[20]

## III.    ANALYSIS

Johnson has not alleged and has not shown irreparable injury that requires interim injunctive relief, so the Court will deny his motion.[21]

---

[14] *Id.,* PageID #:392.
[15] *Id.*
[16] *See* Doc. 3-7.
[17] Doc. 1-1, ¶32; Doc. 1-4.
[18] *See* Doc. 1, PageID #: 1.
[19] Doc. 1-3, PageID #: 23.
[20] *Summit Cty. Democratic Cent. and Exec. Comm. v. Blackwell,* 388 F.3d 547, 550 (6th Cir. 2004) (quoting *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000)).
[21] *D.T. v. Sumner Cty. Schools,* 942 F.3d 324, 327 (6th Cir. 2019) ("[The irreparable injury] factor is indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit.") (emphasis original).

Case No. 1:23-cv-2193
GWIN, J.

First, the Court cannot enjoin Johnson's thirty-day suspension. Johnson's suspension began on September 23, 2023, and has concluded.[22] Any suspension harm has already been visited upon Johnson.

The other relief Plaintiff Johnson seeks—reinstatement to his former position—is fully compensable by monetary damages.[23] Even if Johnson ultimately wins on the merits and is later reinstated, his claims all allege injuries that are quantifiable via monetary damages.[24] Johnson does not show how his demotion is an ongoing harm warranting immediate relief. Johnson's requested injunctive relief is therefore unavailable to him.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for a temporary restraining order.

IT IS SO ORDERED.

Dated: November 17, 2023                    s/    *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[22] *See* Doc. 3-4, PageID 3: 392.
[23] *See Overstreet v. Lexington–Fayette Urban County Gov't,* 305 F.3d 566, 578 (6th Cir.2002) ("A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages.").
[24] *See* Doc. 1-2, ¶¶37, 42, 45, 51, 56. *See also Ohio Contractors Ass'n v. City of Akron*, No. 5:14CV0923, 2014 WL 1761611, at *8 (N.D. Ohio May 1, 2014) (harms like "loss of work, increased costs, reduced productivity and profit" are "purely economic" and therefore "compensable by money damages").