# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALFRED JOHNSON, | ) CASE NO. 1:23-cv-002193 |
| Plaintiff, | ) |
| v. | ) JUDGE JAMES S. GWIN |
| CITY OF CLEVELAND, *et al.*, | ) |
| Defendants. | ) Magistrate Judge Jennifer Dowdell Armstrong |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Now come Defendants City of Cleveland, Dornat Drummond, Joellen O'Neill, Jarod Schlacht (the "Defendants"), by and through counsel, and respond to Plaintiff Alfred Johnson's complaint (Compl., ECF No. 1-2):

1. Defendants deny that Johnson is a commander; Defendants' aver that Johnson's "permanent" residence is unknown; Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants admit that Cleveland is an employer and a political subdivision; to the extent a response is further required, the remaining allegations of Paragraph 2 are denied.

3. Defendants admit that Chief Drummond is the Chief of Police; to the extent a response is further required, the remaining allegations of Paragraph 3 are denied.

4. Defendants admit that Deputy Chief O'Neill was a Deputy Chief within the Division of Police's organizational structure; to the extent a response is further required, the remaining allegations of Paragraph 4 are denied.

5. Defendants admit that Commander Schlacht is a Commander with the Division of Police; to the extent a response is further required, the remaining allegations of Paragraph 4 are denied.

6. Defendants deny that Johnson is a commander; Defendants admit that Johnson was in the Gang Impact Unit; to the extent a response is further required, the remaining allegations of Paragraph 6 are denied.

7. Defendants aver that the Gang Impact Unit investigated gang activity; to the extent a response is further required, the remaining allegations of Paragraph 7 are denied.

8. Defendants aver that Johnson failed to follow the proper policies and procedures, such as reporting a use of force and obtaining formal medical care; to the extent a response is further required, the remaining allegations of Paragraph 8 are denied.

9. Defendants aver that Johnson failed to follow the proper policies and procedures, such as reporting a use of force and obtaining formal medical care; to the extent a response is further required, the remaining allegations of Paragraph 9 are denied.

10. Defendants admit that Johnson received training during his career with the Cleveland Division of Police; to the extent a response is further required, the remaining allegations of Paragraph 10 are denied.

11. Defendants admit that there was an available Commander position in 2021, and that Johnson applied; to the extent a response is further required, the remaining allegations of Paragraph 11 are denied.

12. Defendants, after reasonable investigation, deny for lack knowledge Johnson's "awareness" of certain actions; to the extent a response is further required, the remaining allegations of Paragraph 12 are denied.

13. Defendants aver that applicants usually apply using a Form 1 to a vacant commander position; to the extent a response is further required, the remaining allegations of Paragraph 13 are denied.

14. Defendants aver that multiple individuals were considered for the commander position, including Johnson; to the extent a response is further required, the remaining allegations of Paragraph 14 are denied.

15. Defendants admit that Johnson assumed the position of Commander; to the extent a response is further required, the remaining allegations of Paragraph 15 are denied.

16. Defendants, after reasonable investigation, deny that there was an unethical tactical use of Internal Affairs; to the extent a response is further required, the remaining allegations of Paragraph 16 are denied.

17. Defendants admit that Johnson, at various times, served in the rank of sergeant and commander; Defendants, after reasonable investigation, deny that there was an unethical tactical use of Internal Affairs; to the extent a response is further required, the remaining allegations of Paragraph 17 are denied.

18. Defendants deny that the promotional decision was unlawfully based on race or any other protected class; to the extent a response is further required, the remaining allegations of Paragraph 18 are denied.

19. Defendants aver that there was an internal affairs investigation concerning Johnson's conduct; Defendants; after reasonable investigation, deny that there was an unethical tactical use of Internal Affairs; to the extent a response is further required, the remaining allegations of Paragraph 19 are denied.

20. Defendants aver that the internal affairs investigation found violations of Division polices; to the extent a response is further required, the remaining allegations of Paragraph 20 are denied.

21. Defendants aver that Johnson's alleged misconduct was substantiated; to the extent a response is further required, the remaining allegations of Paragraph 21 are denied.

22. Defendants aver that the rank of commander is an at-will promotion that serves at the pleasure of the mayor; to the extent a response is further required, the remaining allegations of Paragraph 22 are denied.

23. Defendants aver that Johnson received a *Loudermill* hearing to respond to any alleged improprieties in the investigation; to the extent a response is further required, the remaining allegations of Paragraph 23 are denied.

24. Defendants aver that there was an investigation into patrols officer of the Gang Impact Unit and these officers reported to Johnson; to the extent a response is further required, the remaining allegations of Paragraph 24 are denied.

25. Defendants deny that there was an improper purpose for any investigation into the Gang Impact Unit; to the extent a response is further required, the remaining allegations of Paragraph 25 are denied.

26. Defendants deny, after reasonable investigation, knowledge about Johnson's sleeping habits; to the extent a response is further required, the remaining allegations of Paragraph 26 are denied.

27. Defendants aver that materials were made available to prosecuting authorities; to the extent a response is further required, the remaining allegations of Paragraph 27 are denied.

28. Defendants aver that Johnson violated the policies and procedures of the Division; to the extent a response is further required, the remaining allegations of Paragraph 28 are denied.

29. Defendants, after reasonable investigation, deny that Johnson felt "humiliated" about his situation; to the extent a response is further required, the remaining allegations of Paragraph 29 are denied.

30. Defendants aver that police officers have different responsibilities than that of a "normal job"; to the extent a response is further required, the remaining allegations of Paragraph 30 are denied.

31. Defendants admit that Johnson was charged and then disciplined administratively, a copy of that decision is attached as **Exhibit A** so no further response is required; to the extent a response is further required, the remaining allegations of Paragraph 31 are denied.

32. Defendants admit that Johnson filed a grievance and a Charge with the EEOC, which are attached as **Exhibit B** and **Exhibit C**, respectively; to the extent a response is further required, the remaining allegations of Paragraph 32 are denied.

33. Defendants' previous responses are restated here.

34. Defendants deny participating in a conspiracy; to the extent a response is further required, the remaining allegations of Paragraph 34 are denied.

35. Defendants aver that Commander is an at-will position; to the extent a response is further required, the remaining allegations of Paragraph 35 are denied.

36. Defendants aver that the internal affairs investigation was appropriately conducted; to the extent a response is further required, the remaining allegations of Paragraph 36 are denied.

37. Defendants deny that Johnson suffered any harm attributable to unlawful conduct; to the extent a response is further required, the remaining allegations of Paragraph 37 are denied.

38. Defendants aver that Johnson was provided a pre-disciplinary hearing as required by *Loudermill* and the labor agreement, which is attached as **Exhibit D**; to the extent a response is further required, the remaining allegations of Paragraph 38 are denied.

39. Defendants deny that Johnson is a party to the labor agreement; to the extent a response is further required, the remaining allegations of Paragraph 39 are denied.

40. Defendants aver that Johnson's discipline was proper; to the extent a response is further required, the remaining allegations of Paragraph 40 are denied.

41. Defendants deny that Johnson is a party to the labor agreement; to the extent a response is further required, the remaining allegations of Paragraph 41 are denied.

42. Defendants deny that Johnson is entitled to damages; to the extent a response is further required, the remaining allegations of Paragraph 42 are denied.

43. Defendants restate their responses here.

44. Defendants deny that Johnson was disciplined because of race; to the extent a response is further required, the remaining allegations of Paragraph 44 are denied.

45. Defendants deny that that Johnson is entitled to damages; to the extent a response is further required, the remaining allegations of Paragraph 45 are denied.

46. Defendants restate their responses here.

47. Defendants, after reasonable investigation, deny for lack of knowledge the "false statements" that Johnson is talking about; Defendants further assert qualified-privilege and legislative immunity for any statements made; to the extent a response is further required, the remaining allegations of Paragraph 47 are denied.

48. Defendants, after reasonable investigation, deny for lack of knowledge the "false statements" that Johnson is talking about; Defendants further assert qualified-privilege and

legislative immunity for any statements made; to the extent a response is further required, the remaining allegations of Paragraph 48 are denied.

49. Defendants aver that Johnson's discipline was appropriate; to the extent a response is further required, the remaining allegations of Paragraph 49 are denied.

50. Defendants, after reasonable investigation, deny lack of knowledge regarding the statements Johnson is referring to in Paragraph 50 of the Complaint; Defendants assert the qualified privilege for any statements; to the extent a response is further required, the remaining allegations of Paragraph 50 are denied.

51. Defendants deny that Johnson is entitled to damages; to the extent a response is further required, the remaining allegations of Paragraph 51 are denied.

52. Defendants state their previous responses here.

53. Defendants aver that Johnson was properly disciplined; to the extent a response is further required, the remaining allegations of Paragraph 53 are denied.

54. Defendants deny that Johnson suffered extreme emotional distress; to the extent a response is further required, the remaining allegations of Paragraph 54 are denied.

55. Defendants aver that Johnson was properly disciplined; to the extent a response is further required, the remaining allegations of Paragraph 55 are denied.

56. Defendants deny the allegation in the Prayer for Relief.

57. Defendants deny all allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

58. Defendants are not liable as a matter of law for any injury and/or loss claimed by Plaintiff in the Complaint by operation of Political Subdivision Tort Immunity as set forth in Ohio Revised Code Chapter 2744.

59. Defendants are entitled to all other full and/or qualified immunities available under federal law, Ohio law, or both.

60. Defendants assert the qualified-privilege defense as an absolute defense to Johnson's defamation claims.

61. Defendants had legitimate, non-discriminatory, non-retaliatory reasons for all of the employment decisions related to Johnson.

62. Plaintiff failed to exhaust his administrative remedies as required by federal and state law, including but not limited to timely file the charge, name the employer or other defendants in the charge, and/or include allegations or theories of recovery in the underlying charge.

63. Plaintiff failed to exhaust his administrative remedies because he failed to obtain a right to sue letter from the EEOC and/or OCRC.

64. This Court lacks jurisdiction because Plaintiff's claim is covered by the applicable labor agreement, which includes a mandatory grievance and arbitration clauses.

65. Johnson failed to exhaust the arbitration procedure.

66. Johnson's state-law claims are preempted by the labor agreement.

67. Defendants are entitled to the judicial statement privilege.

68. Plaintiff's claims are barred by the Doctrine of After-Acquired Evidence.

69. Plaintiff's claims are barred by the doctrine of laches.

70. Plaintiff's claims are barred by the statutes of limitations.

71. Plaintiff was not qualified for the position.

72. Plaintiff lied on his employment application.

73. Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

74. Plaintiff received all the benefits he is entitled to and has suffered no loss.

75. Plaintiff failed to mitigate his alleged damages.

76. This Court lacks jurisdiction over Defendants because of insufficient process and insufficient service of process.

77. Plaintiff's non-economic losses are barred or limited by R.C. Chapter 2744.

78. Plaintiff is barred from seeking punitive or exemplary damages.

79. Plaintiff's claims for punitive damages are barred or must be reduced as required by R.C. 2315.21.

80. Plaintiff's claims for damages are barred or must be reduced on account of R.C. 2315.18, 2315.20, and 2315.21.

81. Defendants lacked "supervisory authority" for purposes of individual liability under R.C. 4112; Defendants cannot be held liable in their individual capacity for alleged violations of Ohio Revised Code Chapter 4112, nor can they be held liable under Ohio Revised Code Chapter 4112 in their official capacity when they are not Plaintiff's employer. *See* R.C. 4112.08.

82. Plaintiff's claims are barred by the honest belief rule.

83. Plaintiff's claims are frivolous and were brought in bad faith, so the City Defendants are entitled to reasonable attorney's fees and expenses. *See* R.C. 2323.51.

84. The Complaint fails to state a claim upon which relief can be granted.

85. Any alleged damages claimed in Plaintiff's Complaint are subject to the limitation provisions provided by R.C. 2744.05, *et seq*.

86. Any damages claimed by Plaintiff are subject to all other caps and/or setoffs available under federal law, Ohio law, or both.

87. The intervening acts of third parties were the sole direct and proximate cause of all alleged injuries suffered by Plaintiff.

88. Defendants assert the *Faragher-Ellerth* defense: no adverse employment action was taken against Plaintiff; the City Defendants took reasonable care to prevent and promptly correct any alleged harassing behavior; and/or Plaintiff failed to take advantage of any preventative or corrective measures.

89. Defendants assert the same actor inference because the same individuals who hired or promoted Plaintiff would have any been responsible for any demotion.

90. Defendants assert that the decisionmaker is in the same protected class as the individual complaining of discrimination.

91. Defendants reserve the right to amend the responses and defenses set forth here to conform to the facts as well as additional theories of recovery revealed by discovery, pleadings, and motions.

WHEREFORE, having fully answered, Defendants request that this Court dismiss the Complaint at Plaintiff's cost, for judgment in the Defendants' favor against Plaintiff, and for any additional and further relief deemed just and appropriate by this Court.

        Respectfully submitted,

        MARK GRIFFIN (0064141)
        Director of Law

By:  *s/Matthew R. Aumann*
       TIFFANY C. FISCHBACH (0083348)
       Chief Assistant Director of Law
       MATTHEW R. AUMANN (0093612)
       Assistant Directors of Law
       City of Cleveland, Department of Law
       601 Lakeside Avenue, Room 106
       Cleveland, Ohio 441144
       Tel:   (216) 664-2683
             (216) 664-2675
       Fax:   (216) 664-2663
       TFischbach@clevelandohio.gov
       MAumann@clevelandohio.gov

       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify the above Answer and Affirmative Defenses was filed electronically this 21st day of December, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

       <u>*s/ Matthew R. Aumann*</u>
       Matthew R. Aumann (0093612)

       *One of the Attorneys for Defendants*