# Exhibit B



# Fraternal Order of Police
## Cleveland Lodge No. 8

2249 PAYNE AVENUE ★ CLEVELAND, OHIO 44114-4485 ★ (216) 621-FOP8

## GRIEVANCE FORM

**No. 2023-03**  **ARTICLE/SECTION:** 4 (Bill of Rights) ; 11 (Reprimand)
20 (Discipline)
**NAME:** Alfred Johnson #9224   **RANK:** Sergeant
**PRESENT ASSIGNMENT:** Suspension
**DATE OF THIS REPORT:** September 27th 2023

**STEP 3A (Labor Relations) GRIEVANCE REMARKS:** On Friday, September 22nd, 2023, Commander Alfred Johnson # 6135, was served with a discipline letter from Safety Director Karrie Howard removing him as Commander and assessing a thirty (30) workday suspension. The alleged violations include but are not limited to: Failure to report use's of force, failure to notify the division of alleged misconduct, discourteous speech, delaying medical attention, and improper handling of evidence and property violations. The grievant contends that the City lacked "just cause," for the disciplinary assessments and the assessed discipline was excessive, unreasonable, unsupported by evidence, and inconsistent with the doctrine of progressive discipline. Additionally, the grievant and the union maintain that the City's disciplinary assessment was in violation of Article 4, the CBA's member Bill of Rights due to the timeliness of the investigation. The grievant and FOP request a meeting at the Step 3a level within twenty (20) days and/or request a written answer as soon as possible or within twenty (20) days.

**Signature:** *Alfred Johnson*      **Date:** *September 27, 2023*

**DESIRED ACTION TO BE TAKEN:** That the discipline issued to Alfred Johnson be rescinded or amended. That the grievant be made whole for all lost earnings, lost contractual accruals, and/or any other lost benefits, wages, and/or entitlements incurred due to the City's disciplinary assessments. Further, the FOP and the grievant seek that any records relating to and/or concerning this discipline be removed from the divisional files or amended to the fullest extent permitted by law. Further, that the Division publicly notify the members of the Division of Police via Divisional Notice, that the grievant has been cleared of the Divisional Charges, or that the charges were amended.

F.O.P. Lodge 8 Representative:     Capt. James O'Malley, President







City of Cleveland
Justin M. Bibb, Mayor

Department of Public Safety
Karrie D. Howard, Director
601 Lakeside Avenue, Room 230
Cleveland, Ohio 44114-1015
216/664-2560 • Fax: 216/664-3734
www.cleveland-oh.gov

Disposition Letter

September 22, 2023

**Commander Alfred Johnson #6135**
**Homeland Special Operations**
**1300 Ontario Street**
**Cleveland, Ohio 44113**

Re: CPD2021-0027, CPD2021-0127, CPD2022-0116, CPD2022-0098

Commander Johnson #6135:

This letter is to advise you, Commander Alfred Johnson #6135, of the result of the administrative pre-disciplinary hearing you attended on July 6 and July 7, 2023, to address internal investigations wherein you were alleged to have engaged in improper procedure and/or conduct.

## FACTUAL SUMMARY

An internal investigation determined that in 2020, 2021, and 2022, You, Commander Alfred Johnson #6135 violated numerous General Police Orders, Manual of Rules, and Unit manuals.

## STATEMENT OF POLICY

**In part:** The Manual of Rules sets forth the conduct and behavior to be followed by officers and employees. Any violation of these rules shall be a basis for disciplinary action. Disciplinary action includes, but is not limited to, verbal and written reprimands and the preferring of divisional charges which can result in suspension, loss of pay, demotion, or termination. The rules and standards contained in this manual shall apply whether the officer or employee is on or off duty. Where a conflict exists between a Rule and a General Police Order, the Rule provision shall be adhered to.

**Specification #1:** (CPD2021-0027) On or about April 6, 2021, you, Commander Alfred Johnson #6135, did not obtain permission from the investigative personnel to give permission to the on-scene members to turn their Wearable Camera Systems off before the Force Investigation Team arrived on scene to begin the formal investigative process, violating General Police Order 4.06.04. *(Group I Violation)*

**Specification 2:** (CPD2021-0127) On or about August 3, 2021, through November 3, 2021, Commander Alfred Johnson #6135, as a sergeant in the Gang Impact Unit routinely failed to supervise your subordinates. On or about August 3, 2021, August 4, 2021, August 6, 2021, September 8, 2021, September 12, 2021, September 15, 2021, October 2, 2021, October 8, 2021, and November 3, 2021, you failed to ensure members under your supervision completed stop forms in accordance with the policy. On or about August 3, 2021, you failed to supervise your subordinates in the proper procedures for the confiscation and reporting when marijuana was discovered during investigatory stops. On or about August 3, 2021, and August 4, 2021, you failed to ensure proper procedures for citing individuals

**Commander Alfred Johnson #6135**
**September 22, 2023**
**Page 2 of 8**

for opened containers of alcohol. On or about August 3, 2021, you failed to supervise your subordinates in the proper procedures for investigating a suspected Operating a Vehicle While Impaired incident. On or about August 4, 2021, you failed to supervise your subordinates in the proper procedures for checking a person for warrants. On or about August 4, 2021, you failed to supervise your subordinates in the proper procedures for citing and/or arresting a suspended driver. On or about October 2, 2021, and October 8, 2021, you failed to supervise your subordinates in the proper procedures for assisting suspects with medical care, violating General Police Orders 2.02.05, 3.4.09, 4.2.06, 8.2.05, 3.2.14, 3.4.14, 2.01.03, and Manual of Rules 1.06 *(Group II Violation)*

**Specification 3:** (CPD2021-0127) In the year 2021 while Acting Lieutenant for approximately 10 months, you, Commander Alfred Johnson #6135, failed to complete quarterly Wearable Camera System audits, violating of General Police Order 4.06.04. *(Group I Violation)*

**Specification 4:** (CPD2021-0127) On or about August 6, 2021, you, Commander Alfred Johnson #6135, failed to report an allegation of misconduct when Eddie Bonner told you that he was punched in the face by an officer, violating of General Police Order 1.07.05. *(Group III Violation)*

**Specification 5:** (CPD2021-0127) On or about August 6, 2021, you, Commander Alfred Johnson #6135, failed to investigate an alleged pursuit, failed to report an allegation of misconduct (Mr. Bonner's claim that he was punched in the face), failed to ensure a Stop Form was completed, and failed to ensure his interview of Mr. Bonner was captured on video. This non-action constituted a gross neglect of duty in violation of Manual of Rules 2.14. *(Group III Violation)*

**Specification 6:** (CPD2021-0127) On or about September 12, 2021, you, Commander Alfred Johnson #6135 failed to report an allegation of misconduct to the Internal Affairs Unit when Assante Davenport complained multiple times about a finger being in his rectum and his rights being violated, violating General Police Order 1.07.05. *(Group III Violation)*

**Specification 7:** (CPD2021-0127) On or about September 12, 2021, you, Commander Alfred Johnson #6135, observed by means of a doorbell camera, force used on Assante Davenport and failed to report it, violating General Police Order 2.01.05. *(Group III Violation)*

**Specification 8:** (CPD2021-0127) On or about September 12, 2021, you, Commander Alfred Johnson #6135, witnessed and became aware of a strip search performed by Detective James Donnellan. You failed to explain to the individual the reason for the search and give the individual the opportunity to voluntarily produce the suspected item. You also failed to complete to pre-approved form for strip searches, violating General Police Order 2.02.04. *(Group II Violation)*

**Specification 9:** (CPD2021-0127) On or about September 12, 2021, you, Commander Alfred Johnson #6135, failed to supervise your subordinates in completing Stop Forms, properly reporting and documenting a use of force, properly conducting and reporting a strip search, and failed to report an allegation of misconduct. This constituted a gross neglect of duty by Commander Johnson, violating of Manual of Rules 2.14. *(Group III Violation)*

**Specification 10:** (CPD2021-0127) On or about October 2, 2021, you, Commander Alfred Johnson #6135, failed to call EMS in a timely manner for Reginald White, violating Manual of Rules 4.14. *(Group I Violation)*

**Commander Alfred Johnson #6135**
**September 22, 2023**
**Page 3 of 8**

**Specification 11:** (CPD2021-0127) On or about October 2, 2021, you, Commander Alfred Johnson #6135, were discourteous to Reginald White when you stated: "Stop it dummy," when Mr. White was having a medical emergency, violating Manual of Rules 5.09. *(Group I Violation)*

**Specification 12:** (CPD2021-0127) On or about October 8, 2021, you, Commander Alfred Johnson #6135, became aware that Sheridan Simpson was having difficulty breathing after a use of de minimus force by detectives under you supervision and you failed to obtain medical assistance, violating General Police Order 2.01.03 and Manual of Rules 4.14. *(Group II Violation)*

**Specification #13:** (CPD2022-0116) On or about May 2, 2020, you, Commander Alfred Johnson #6135, interviewed the involved citizen after they were not accepted at the Cuyahoga County Juvenile Center for an injury. The involved citizen informed you that he was allegedly choked, kneed, punched, and his head was pushed into the ground. You then failed to immediately report the incident to a supervisor or the Internal Affairs Unit and completed a use of force investigation that did not address the involved citizen's allegations until you were requested to address the allegations, violating General Police Order 1.07.05. *(Group III Violation)*

**Specification #14:** (CPD2022-0116) On or about May 2, 2020, you, Commander Alfred Johnson #6135, observed an injury to Sirjuan Stearns after a use of force was used by members and failed to obtain professional medical care from EMS or conveying Mr. Stearns for medical treatment causing a delay in medical treatment, violating General Police Order 2.01.03 and Manual of Rules 4.14 *(Group II Violation)*

**Specification #15:** (CPD2022-0098) On or about August 9, 2022, you, Commander Alfred Johnson #6135, failed to properly handle three pieces of evidence for case 20-133758, storing the evidence in an office that you vacated on or about February 2022, and after the criminal proceedings concluded (CR-21-657598-B and CR-21-657698-C), violating Manual of Rules 2.14, 4.03, 4.06 and Bureau of Special Services Investigative Unit Manual. *(Group II violation)*

**Specification #16:** (CPD2022-0098) On or about August 9, 2022, you, Commander Alfred Johnson #6135, failed to properly handle evidence for case 2017-282179, storing the evidence in an office that you vacated on or about February 2022, and after the criminal proceedings concluded (CR-21- 657598-B, CR-17-621043-A, 2017-CRB-019737, and 2017-CRA-018908), violating Manual of Rules 2.14, 4.03, 4.06 and Bureau of Special Services Investigative Unit Manual. *(Group II violation)*

**Specification #17:** (CPD2022-0098) On or about August 9, 2022, you, Commander Alfred Johnson #6135, failed to properly handle evidence for case 2014-146092, storing the evidence in an office that you vacated on or about February 2022, and after the criminal proceedings concluded (2021-CRA 005115, CR-21-659764-A), violating Manual of Rules 2.14, 4.03, 4.06 and Bureau of Special Services Investigative Unit Manual. *(Group II violation)*

**Specification #18:** (CPD2022-0098) On or about August 9, 2022, you, Commander Alfred Johnson #6135, failed to properly handle evidence for case 2020-029358, storing the evidence in an office that you vacated on or about February 2022, and after the criminal proceedings concluded (CR-20-649723-A), violating Manual of Rules 2.14, 4.03, 4.06 and Bureau of Special Services Investigative Unit Manual. *(Group II violation)*

**Commander Alfred Johnson #6135**
September 22, 2023
Page 4 of 8

**Specification #19:** (CPD2022-0098) On or about August 9, 2022, Commander Alfred Johnson #6135, failed to properly handle evidence for case 2019-358763, storing the evidence in an office that you vacated on or about February 2022, and after the criminal proceedings concluded (2018-TRD 033025), violating Manual of Rules 2.14, 4.03, 4.06 and Bureau of Special Services Investigative Unit Manual. *(Group II violation)*

**Specification #20:** (CPD2022-0098) On or about August 9, 2022, you, Commander Alfred Johnson #6135, failed to properly handle evidence for case 2016-089434, storing the evidence in an office that you vacated on or about February 2022, and after the criminal proceedings concluded (2016-TRD 010987 and CR-16-604747-A), violating Manual of Rules 2.14, 4.03, 4.06 and Bureau of Special Services Investigative Unit Manual. *(Group II violation)*

**Specification #21:** (CPD2022-0098) On or about August 9, 2022, you, Commander Alfred Johnson #6135, failed to properly handle 19 shell casings that were turned over to you for evidence, storing the evidence in an office that you vacated on or about February 2022, causing a Property Found report to be generated (2022-239156), violating Manual of Rules 2.14, 4.03, 4.06 and Bureau of Special Services Investigative Unit Manual. *(Group II violation)*

**Specification #22:** (CPD2022-0098) On or about August 9, 2022, you, Commander Alfred Johnson #6135, failed to properly handle evidence for cases, 2019-175355, 2019-194308, 2017-337881, and 2018-360578, storing the evidence in an office that you vacated on or about February 2022. Empty evidence envelopes also were discovered inside the office for cases, 2014-098783, 2014-077948 (criminal proceeding CR-14-5844390-A), and 2017-048464 (criminal proceedings CR-17-623312-C) and you acknowledged that you had possession of the property that was inside the evidence envelopes, violating Manual of Rules 2.14, 4.03, 4.06 and Bureau of Special Services Investigative Unit Manual. *(Group II violation)*

**Specification #23:** (CPD2022-0098) On or about August 9, 2022, you, Commander Alfred Johnson #6135, failed to properly handle $4,470.00 that is associated with the Expense Fund for Chief of Police that is regulated by the City of Cleveland Codified Ordinance 135.091, by leaving the money in a desk drawer of an office that you vacated on or about February 2022, and not returning the money to the Budget Unit or Fund Custodian for safe keeping, violating Manual of Rules 2.14, 4.03, 4.06, Bureau of Special Services Investigative Unit Manual and Expense Fund for Chief of Police. *(Group II violation)*

These specifications violate the rules and procedures of the Division of Police, Department of Public Safety.

## RULES, POLICIES AND PROCEDURES

**General Police Order 1.07.05: Internal Complaints of Misconduct** (Effective: 2/21/2020)

**General Police Order 2.01.03: Use of Force – General** (Effective: 4/27/2020, Rescinded: 3/20/2023)

**General Police Order 2.01.05: Use of Force – Reporting** (Effective: 7/1/2019, Rescinded: 3/20/2023)

**General Police Order 2.02.04: Strip Searches and Body Cavity Searches** (Effective: 1/1/2020)

**General Police Order 2.02.05: Stop Forms** (Effective: 7/2/2021)

Commander Alfred Johnson #6135
September 22, 2023
Page 5 of 8

General Police Order 3.2.14 Warrant Check Requirements (Effective: 3/1/2002, Revised: 12/31/2007)

General Police Order 3.4.09: Marijuana Citations/Arrests (Effective: 3/1/2002)

General Police Order 3.4.14 Driving Under Suspension Arrests and Citations (Effective: 3/1/ 2002)

General Police Order 4.2.06: Liquor Law Enforcement (Effective: 3/1/ 2002)

General Police Order 4.06.04: Wearable Camera System (Effective: 1/1/2020)

General Police Order 8.2.05 Operating a Vehicle While Intoxicated (OVI) (Effective: 1/19/2007)

Manual of Rules for the Conduct and Discipline of Employees of the Cleveland Division of Police 1.06, 2.14, 4.03, 4.06, 4.14 and 5.09

Bureau of Special Services Investigative Unit Manual

## PREDISCIPLINARY HEARING

In attendance at the administrative pre-disciplinary hearing that I presided over were you, President James O'Malley and Attorney Joseph Mando of the Fraternal Order of Police, Lodge #8, Private Attorney Christopher McNeal on behalf of Commander Alfred Johnson, Attorney Robert Barrett of Faulkner, Hoffman & Phillips, LLC, Sergeant Mitchell Sheehan and Sergeant Michael Matson of the Internal Affairs Unit, Chief Assistant Director Tiffany Fischbach of the Department of Law, and Sergeant Reginald Lanton and Assistant Director Jakimah Dye of the Department of Public Safety.

During the hearing, you acknowledged receipt of the charge letter; you and your representatives waived the reading of your charge letter and were then afforded the opportunity to be heard. You entered a plea of "Not Guilty" to Specifications #1 through #23 as set forth in the charge letter.

## HISTORY, FINDINGS, AND CONCLUSIONS

### Discipline History
No active discipline.

### Findings and Conclusions
- *Mitigating Factors:* no active discipline
- *Aggravating Factors:* Supervisory or Command staff rank of the officer, multiple violations

- **Anomalies:** None.

### Disciplinary Conclusion

A thorough review was conducted by the Department of Public Safety. I have carefully reviewed the evidence incorporated into the record by reference, the Wearable Camera System video, the memorialized record, including statements made at your hearing. Therefore, I find the following:

**Specifications #2, #5, and #9** will be merged into other specifications to reduce duplicity.

Commander Alfred Johnson #6135
September 22, 2023
Page 6 of 8

**Specification #8:** I find you, Commander Alfred Johnson #6135, **"Not Guilty."** A review of the incident indicates that a "strip search" Did not occur. A "Strip Search" is defined as "an inspection of the genitalia, buttocks, breasts, or undergarments of an arrestee that is preceded by the removal or rearrangement of some or all of the arrestee's clothing that directly covers the arrestee's genitalia, buttocks, breasts, or undergarments and that is conducted visually, manually, by means of an instrument, apparatus, or object." Video testimony shows the detective holding the suspect's pants with the palm facing out.

**Specification #10:** I find you, Commander Alfred Johnson #6135, **"Not Guilty."** A review of the incident revealed that upon your notification of the suspect's status and your arrival at the victim's location, you conducted an evaluation of the suspect and initiated the call to EMS.

**Specification #23:** I find you, Commander Alfred Johnson #6135, **"Not Guilty."** A review of the incident revealed that your unexpected and immediate removal from the unit did not afford you the ability to provide proper notification concerning the status of the unit money, nor was an inventory of the contents of the office conducted at the time of your removal from the unit. While the policy indicates that the unit should have been provided a "safe" for the proper safeguarding of the funds, the investigation revealed that the availability of "safes" is not consistent throughout the division.

**Specification #1:** I find that you, Commander Alfred Johnson #6135, did not did not obtain permission from the investigative personnel to give permission to the on-scene members to turn their Wearable Camera Systems off before the Force Investigation Team arrived on scene to begin the formal investigative process. As such, I believe reinstruction is appropriate, and as such, I am issuing you this **Non-disciplinary Letter of Reinstruction**. Please review General Police Order 4.06.04, and ensure that you follow it verbatim.

**Specification #3:** I find that you, Commander Alfred Johnson #6135, failed to complete the Quarterly Wearable Camera System Audit. As such, I believe reinstruction is appropriate, and as such, I am issuing you this **Non-disciplinary Letter of Reinstruction**. Please review General Police Order 4.06.04, and ensure that you follow it verbatim.

**Specification #4:** I find that you, Commander Alfred Johnson #6135, failed to report an allegation of Misconduct when told by the complainant that he was punched in the face by an officer. However, because the nature of the violation more closely comports to a Group II-level Use of Force, I am amending **Specification #4** to a Failure to Report a Group II Allegation of Misconduct, and find you **"Guilty."**

**Specification #6:** I find that you, Commander Alfred Johnson #6135, failed to report an allegation of Misconduct to Internal Affairs. While a review of the incident and video evidence refuted the allegation of an improper strip search, the spirit of the policy is to ensure that "All allegations of member misconduct observed or that a member becomes aware of are reported to a supervisor, Internal affairs or anonymously to Internal Affairs…" As such I am amending **Specification #6** to a Failure to Report a Group II Allegation of Misconduct, which I find you **"Guilty."**

**Specification #7:** I find that you, Commander Alfred Johnson #6135, observed by means of a doorbell camera, the force used and failed to report it. However, because the nature of the violation more closely comports to a Group II-level Use of Force (take down), I am amending **Specification #7** to a Failure to Report a Group II violation, and find you **"Guilty."**

Commander Alfred Johnson #6135
September 22, 2023
Page 7 of 8

**Specification #12:** I find that you, Commander Alfred Johnson #6135, failed to obtain medical attention for an individual who was having difficulty breathing after the use of de minimus force by detectives under your supervision. However, because the complainant did not suffer any visible or incapacitating injuries, I find your failure to request medical attention more closely comports with a Group I Violation (conduct that has a negative impact on the operations or professional image of the Division or negatively impacts relationships with other officers, agencies or the public). As such, I am amending Specification #2 to a Group I Violation and issuing you this **Non-disciplinary Letter of Reinstruction.** Please review General Police Order 2.01.03 and Manual of Rules 4.14, and ensure that you follow it verbatim.

As it pertains to Specifications #11, #13, #14, #15, #16, #17, #18, #19, #20, #21 & #22 I find you **"Guilty."**

Based on the foregoing, I find that there is just cause to impose discipline. **Effective immediately your appointment as Commander is revoked and you shall return to your civil service rank of Sergeant.** This action is consistent with the City of Cleveland policies and procedures. Additionally, **I am issuing you, a Thirty (30) workday suspension.** This corrective action is within the Group III violation range of the discipline matrix where aggravating factors (*supervisory or command rank of the officer, and multiple violations*) outweigh mitigating factors (none).

Policy is in place to ensure accountability of officers charged with a duty to be present in the community. It is incumbent on you to safeguard your career by operating with professionalism and integrity. The Division of Police cannot operate and professionally meet its objectives while tolerating a failure to comply with professional expectations or being subject to utter disregard for policy. Not only does the aforementioned conduct reasonably tend to diminish the esteem of the Division of Police in the eyes of the public, but it also violates public trust in the Division and has no place in any Department or Division within the City of Cleveland.

The above imposed suspension shall commence, and be effective the next working day after you are served with this notice. You shall surrender your badge, police identification card, unloaded departmentally issued firearm, and three (3) loaded magazines plus one (1) live round to your Commanding Officer or designee, at the end of your shift. Upon completion of the suspension days, you shall retrieve the aforementioned property from your Commanding Officer or designee upon reporting for duty. **Additionally, you shall, within five (5) workdays of returning from suspension, read General Police Orders 1.07.05, 2.01.03, 2.01.05, 2.02.04, 2.02.05, 3.2.14, 3.4.09, 3.4.14, 4.2.06, 4.04.06, 8.2.05 and Manual of Rules 1.06, 2.14, 4.03, 4.06 and 5.09, and expect to be reinstructed by a superior officer on those Orders and Rules. Upon completion of the reinstruction, you will email a Form-1 (as an attachment) indicating reinstruction, and endorsed by the same superior officer, to:**
- **The Case Preparation Unit (caseprep@clevelandohio.gov)**
- **The Department of Public Safety (publicsafetyadmin@clevelandohio.gov)**
- **Lieutenant Charles DePenti (cdepenti@clevelandohio.gov).**

It is the Division's earnest desire that this letter will serve as a deterrent against future acts of this nature. Any prospective acts of same or similar conduct may lead to progressive discipline. Pursuant to the terms and conditions of the collective bargaining agreement between the City of Cleveland and the Fraternal Order of Police, Lodge #8, disciplinary actions shall not be used for progressive discipline purposes after three (3) years from the date the discipline was administered.

**Commander Alfred Johnson #6135**
**September 22, 2023**
**Page 8 of 8**

Sincerely,

Karrie D. Howard, Chief Director
Department of Public Safety

KDH:dad:bpc:cld

cc: Dornat A. Drummond, Chief, Division of Police
Jakimah R. Dye, Assistant Director, Department of Public Safety
George Coulter, Assistant Director, Department of Public Safety
Nicole Carlton, Assistant Director, Department of Public Safety
Wendell Holt Jr., Assistant Director, Department of Public Safety
Dorothy Todd, Deputy Chief, Chief of Staff
Sammy Morris, Deputy Chief, Field Operations
Ali Pillow, Deputy Chief, Homeland Special Operations
Daniel Fay, Deputy Chief, Administrative Operations
Kevin Kincaid, Acting Commander, Bureau of Special Services
Brian Carney, Commander, Bureau of Compliance
Robert Simon, Captain, Office of Compliance
Christopher Viland, Superintendent, Internal Affairs Unit
Justin Cajka, Lieutenant, Officer-in-Charge, Internal Affairs Unit
Kenneth Ryan, Lieutenant, Personnel Section
William Mokshefsky, Sergeant, Officer-in-Charge, Personnel Unit
Jill Pederson, Detective, Personnel Unit
Cynthia Oliver, Sergeant, Officer-in-Charge, Timekeeping Unit
Laura Soeder, Patrol Officer, Timekeeping Unit
Melissa Dawson, Sergeant, Officer-in-Charge, Employee Assistance Unit
James O'Malley, President, Fraternal Order of Police, Lodge #8
Matthew J. Cole, Director, Human Resources Officer
William Menzalora, Chief Assistant Director of Law
Tiffany Fischbach, Chief Assistant Director of Law
Delante Thomas, Chief Ethics Officer
Rachon Long, Interim Director, Civil Service Commission
Billy Sharp, Chairperson, Civilian Police Review Board
Sylvia Grimes, Secretary, Civilian Police Review Board
Karl Racine, Monitor, Monitoring Team
Lisa Fink, Member, Monitoring Team
Michael Evanovich, Investigator, Department of Justice
Jason Goodrick, Interim Executive Director, Cleveland Community Police Commission
Melissa Bretz, Administrator, Monitoring Team
Rick Stone, Sergeant, Terminal Agency Coordinator
Dr. Leigh Anderson, Executive Director of the Police Accountability Team

previously given to such witness. The City will provide the bargaining unit member, prior to hearing, copies of his/her own written statements or reports regarding the matter that is the subject of the hearing. Failure to comply with the terms of this provision will not affect the validity of any discipline imposed. Both parties agree that they will have a reasonable postponement of the hearing to exchange the information, subject to the above restrictions on disclosure.

(k) If any of these procedures are alleged to be violated, such allegations shall be subject to the grievance procedure beginning at Step 3 or Step 3-A. If a decision has not been rendered after the expiration of a thirty (30) day period, the Union shall request in writing that a decision be issued within ten (10) days. The City will be provided up to an additional ten (10) days upon request.

(l) When a citizen complaint is filed more than six (6) months after the date of the alleged event, and the complaint could not lead to a criminal charge, the accused bargaining unit member may be ordered to respond to the complaint and to the investigation, but shall not be subject to disciplinary action for that complaint. Copies of any written or recorded complaints or the summary of an oral complaint prepared by a representative of the City, shall be provided to the bargaining unit member and Union, with an opportunity to review same, before the member is asked to respond.

※ (m) In such cases where the administrative investigation is initiated without a citizens' complaint, and the investigation could not lead to criminal charges, the City shall not bring administrative charges later than six (6) months after the date within which the Chief had knowledge of the alleged violation. If the administrative charges are not brought within six (6)

9

months, the accused member may be ordered to respond to the complaint and to the investigation, but shall not be subject to disciplinary action. The City may be granted an additional ninety (90) days for good cause shown.

(n) When a member requests F.O.P. representation with respect to disciplinary action against him/her, he/she shall be permitted to call one of the elected officers of the F.O.P.

(o) In addition to the Chief, a Deputy Chief can conduct a predisciplinary hearing and make recommendations to the Chief regarding discipline up to and including a ten (10) day suspension.

(p) In the event that administrative charges are filed against an officer and such charges do not give rise to a criminal indictment, then the charges shall be disposed of within ninety (90) days of the date of the charge letter, unless extended by mutual agreement; otherwise the charges shall be automatically dismissed.

## ARTICLE 5
## LABOR/MANAGEMENT COMMITTEE

There shall be a Labor-Management Committee, consisting of the Personnel Director, or Director of Labor Relations, Safety Director, Chief of their designees, and three (3) representatives of the F.O.P. This Committee shall meet at least once every three (3) months at the request of either party, for the purpose of discussing and attempting to resolve any mutual, work-related problems. Requests to meet shall be in writing.

## ARTICLE 6
## PROTECTION OF PROPERTY AND SECURITY

Each supervisory officer shall be assigned his/her own personal locker which shall be his/her sole responsibility to clean and maintain, and no other member of the City shall be

10

The Chief of Police may suspend an officer for ten (10) days or less for disciplinary reasons. If the Chief recommends a greater penalty, then the Director of Public Safety will hear the disciplinary charges filed against the officer and render the disciplinary penalty, if any. The Director of Public Safety shall hear such matters as soon as practicable following the filing of the charges. Any suspension in excess of ten (10) days may be appealed to the Grievance Procedure beginning at Step 3-A.

In addition to the Chief, a Deputy Chief can conduct a pre-disciplinary hearing and make recommendations to the Chief regarding discipline up to and including a ten (10) day suspension.

For disciplinary suspensions, the City shall have the discretion to require the employee to serve the suspension without pay or require the employee to work for the duration of the suspension period at his regular hourly rate.

## ARTICLE 12
## FURLOUGH

All members shall be granted the following vacation leave with full pay for each year based upon their length of City service as of December 31 of the previous year as follows:

| Years of Service | Vacation |
| --- | --- |
| After 1 year | 2 weeks |
| After 8 years | 3 weeks |
| After 12 years | 4 weeks |
| After 22 years | 5 weeks |

There shall be fifty-two (52) one-week furlough periods scheduled during each calendar year. One week of furlough is defined as forty (40) hours. Furlough periods will be selected in each rank on a seniority basis, as determined by the Chief of Police in order to assure the proper

18

exposure as soon as the City acquires such knowledge, and will bear the cost of prevention for the member of the member's family so exposed. The City shall grant medical leave to an officer under the provisions of this Article.

(h) While both the City and the Union acknowledge that there are no permanent restricted duty assignments available, the Department of Public Safety may, at its option, designate certain assignments as temporary restricted duty assignments from time to time to which an eligible member may be assigned.

(i) An employee may not remain on Hazardous Duty Injury ("HDI") leave in excess of one year. Aggravating a prior HDI injury shall not entitle the employee to a new one-year maximum period.

## ARTICLE 20
## GRIEVANCES

Section 1  Every Employee shall have the right to present his/her grievance in accordance with the Procedures provided herein, and shall have the right to be represented by an F.O.P. representative at all stages of the Grievance Procedure.

Section 2  A grievance is a dispute regarding the application or interpretation of an express provision contained in this Agreement or dispute concerning the disciplining of an employee. However, all employees will be disciplined in accordance with the present rules and regulations of the Division of Police. Grievances involving suspension of more than ten (10) days, demotion or discharge shall be appealed directly to Step 3A within ten (10) working days after the Safety Director has issued his decision if applicable.

30