# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALFRED JOHNSON | CASE NO. 1:23-cv-02193 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| -vs- | |
| CITY OF CLEVELAND, ET AL. | **BRIEF IN OPPOSITION TO JUDGMENT ON THE PLEADINGS** |
| Defendants. | |

Now come the Plaintiff, Commander. Alfred Johnson ("hereinafter Johnson"), and hereby opposes Defendants' Motion for Judgment on the Pleadings

## Facts

1. Plaintiff Al Johnson hereby incorporates by reference all preceding paragraphs and pleadings as if fully rewritten herein.

2. Commander Al Johnson filed a civil complaint against defendants alleging several intentional torts: Civil Conspiracy, Defamation, and Intentional Infliction of Emotional Distress. The complaint also included counts for Discrimination and Breach of Contract.

3. Defendants removed the case to Federal Court, and have subsequently filed a motion for judgment on the pleadings.

## LAW

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to

judgment." *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). However, "we need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citing *Gen. Cinema Corp. v. Buena Vista Distrib. Co.*, 681 F.2d 594, 597 (9th Cir. 1982)). *Houthoofd v. Tuscola Cnty.*, No. 20-1678, at *3-4 (6th Cir. Jan. 8, 2021).

Plaintiffs . . . have pleaded adequate allegations that the deprivations of which they complain were caused by an official policy of the City. The Supreme Court has held that even a single decision by a municipality's policy-maker can constitute a "policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). A municipality is liable for an official's unconstitutional conduct when that official is the one who has the final authority to establish municipal policy with respect to the action ordered, Id. at 481, and the official has made "a deliberate choice to follow a course of action . . . from various alternatives." Id. at 483. *Kammeyer v. City of Sharonville*, 311 F. Supp. 2d 653, 9 (S.D. Ohio 2003)

R.C. 2744.02(A)(1) generally provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Statutory immunity is also extended to the employees of a political subdivision with three exceptions. R.C. 2744.03(A). The only exceptions that would be applicable in this case

would be R.C. 2744.03(A)(6)(a) and (b), which provide that an employee would not be protected by statutory immunity if they acted "manifestly outside the scope of the employee's employment or official responsibilities" or "with malicious purpose, in bad faith, or in a wanton or reckless manner." *Trucco Constr. Co. v. City of Fremont*, 2013 Ohio 415, 6 (Ohio Ct. App. 2013).

## **ARGUMENT**

Johnson's complaint clearly alleges that he was consired against by the named defendants. The complaint details how he was discriminated against for unlawful purposes, specifically that the defendants wanted to terminate him for not following their discriminatory practices. (See ¶18 of Plaintiff's Complaint). The complaint also details how he was discriminated against compared with Commander Kutz and Commander Butler, two white commanders for Defendant City are simililarly situated to Plaintiff aside from their Caucasian race.

The complaint alleges that these defendants lied to him, lied on him, and weaponized their disciplinary proceedings through manipulation, cronyism; and fabricated and exaggerated allegations.

These actions were committed by several policy-makers for Defendant City, and the law imputes their actions to the municipality. Furthermore, the Complaint alleges and directly infers that these acts were done in bad faith and with malice.

All of these allegations, if taken in the light most favorable to the Plaintiff at this venture, do in fact give rise to the Plaintiff's state tort claims independent of any employment law claims. However, this court should exercise supplemental jurisdiction

under 28 U.S.C. § 1367 because they are so related to the claims in the action that this court has jurisdiction over.

## CONCLUSION

WHEREFORE, Plaintiff, Alfred Johnson respectfully prays that Defendant's motion for judgment on the pleadings be dismissed.

Respectfully submitted,

/s/ Christopher McNeal
CHRISTOPHER MCNEAL, ESQ. (#0096363)
MCNEAL LEGAL SERVICES, LLC.
55 Public Square, Suite 2100
Cleveland, Ohio 44113
(440) 703-0257
chris@mcneallegalservices.com

Attorney for Plaintiff Alfred Johnson

## Certificate of Service

A Copy of this brief in opposition was served on all named defendants by the electronic filing portal for the Northern District of Ohio this 29th day of January, 2024.

/s/ Christopher McNeal
CHRISTOPHER MCNEAL, ESQ.
(0096363)

Counsel for Plaintiff Alfred Johnson