UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

———————————————————

|  |  |  |
|---|---|---|
| ALFRED JOHNSON, | : | CASE NO. 1:23-cv-02193 |
|  | : |  |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 8] |
| v. | : |  |
|  | : |  |
| CITY OF CLEVELAND, ET AL., | : |  |
|  | : |  |
| Defendants. | : |  |

———————————————————

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Alfred Johnson sues Defendants City of Cleveland, former Chief of Police Dornat A. Drummond, Deputy Chief Joellen O'Neill, and Jarod Schlacht.  Plaintiff Johnson alleges civil conspiracy, breach of contract, unlawful discrimination under federal and state law, defamation, and intentional infliction of emotional distress.[1]  Johnson alleges that Defendants unfairly instigated biased investigations against him based on false allegations of misconduct while he was a City of Cleveland Police Commander, and then improperly suspended and demoted him after a civil service board found him guilty.[2]

Defendants moved for judgment on the pleadings.[3]  Plaintiff Johnson opposes the motion.[4]

For the following reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings.

---

[1] Doc. 1-2.
[2] *Id.*
[3] Doc. 8.
[4] Doc. 11.  Defendants replied.  Doc. 15.

Case No. 1:23-cv-02193
GWIN, J.

## I.    BACKGROUND

Between 2012 and 2022, Plaintiff Johnson worked as a member of the Cleveland Police's Gang Impact Unit (GIU).[5]  In 2021, Johnson applied for and was promoted to Sergeant, then Commander.[6]  In the Sergeant and Commander roles, Johnson exercised supervisory responsibility over other GIU officers.

Johnson says that certain GIU officers, including Defendant Schlacht, were unhappy that Plaintiff Johnson received the Commander promotion.[7]  Johnson says the Defendants objected that Johnson was directly promoted to Commander from Sergeant rather than first serving as a Lieutenant and Captain.  Johnson also says those officers believed the Commander position should have been given to a white officer or a black officer who would not object to the Cleveland Police's unlawful practices.[8]  Johnson also says he was hired over Defendants O'Neill's and Drummond's protests.[9]

Johnson says that beginning in January 2022, Defendants began a series of concerted, retaliatory Internal Affairs investigations into Johnson's performance as a supervisory officer.[10]  These investigations concerned allegations of Johnson using excessive force and allegations that Johnson had not required his subordinates to wear body cameras, *inter alia*.[11]

Johnson says that he suffered emotional and mental distress and reputational harm because of the investigations.[12]

---

[5] Doc. 1-2, ¶ 6.
[6] *Id.*, ¶ 17.
[7] *Id.*, ¶ 16.
[8] *Id.*, ¶ 18.
[9] *Id.*, ¶ 15.
[10] *Id.*, ¶¶ 21-23.
[11] *See* Doc. 301, PageID #: 83-86.
[12] Doc. 1-2, ¶¶ 25-26.

Case No. 1:23-cv-02193
GWIN, J.

After two hearings, the Department of Public Safety found Johnson guilty of fourteen misconduct allegations.[13]  As a result, the Department demoted Johnson from Commander to Sergeant, effective September 23, 2023.[14]  The Department also suspended Johnson for thirty days, also effective September 23, 2023.[15]

Johnson grieved his suspension.[16]  He also filed discrimination claims with the EEOC and the Ohio Civil Rights Commission.[17]  Finally, he filed this lawsuit in the Court of Common Pleas, Cuyahoga County.[18]  With that complaint, Johnson also sought a temporary restraining order reinstating him to his former position and enjoining Defendants from disciplining him.[19]

On November 10, 2023, Defendants removed the case to the Northern District of Ohio based on federal question jurisdiction.[20]  On November 17, 2023, the Court denied Plaintiff's motion for a temporary restraining order.[21]

On January 18, 2024, Defendants filed their motion for judgment on the pleadings.[22] That motion is now ripe before the Court.

## II.    LEGAL STANDARD

On a motion for judgment on the pleadings under Rule 12(c), courts use the Rule 12(b)(6) motion standard.[23]  In order to survive a defendant's Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief

---

[13] Doc. 3-4, PageID #: 391-92.
[14] *Id.*, PageID #:392.
[15] *Id.*
[16] *See* Doc. 3-7.
[17] Doc. 1-1, ¶ 32; Doc. 1-4.
[18] *See* Doc. 1, PageID #: 1.
[19] Doc. 1-3, PageID #: 23.
[20] Doc. 1, PageID #: 2.
[21] Doc. 4.
[22] Doc. 8.
[23] *See Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

Case No. 1:23-cv-02193
GWIN, J.

that is plausible on its face.'"[24]   The plausibility requirement is not a "probability

requirement," but requires "more than a sheer possibility that the defendant has acted

unlawfully."[25]   Thus, "[f]or purposes of a motion for judgment on the pleadings, all well-

pleaded material allegations of the pleadings of the opposing party must be taken as true,

and the motion may be granted only if the moving party is nevertheless clearly entitled to

judgment."[26]

## III.    DISCUSSION

With their motion for judgment on the pleadings, Defendants argue that Plaintiff

Johnson failed to exhaust his administrative remedies, that Johnson's claims are pre-empted

by a labor agreement, and that he otherwise fails to state a claim for relief.[27]   The Court

agrees.

### A.  Federal Claims

#### 1.  Employment Discrimination Claims

Johnson alleges that Defendants subjected him to a hostile work environment,

disparate treatment, and wrongfully terminated him, in violation of Ohio R.C. § 4112.02 and

Title VII.[28]

---

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[25] *Id.*
[26] *Tucker*, 539 F.3d at 549.
[27] Doc. 8, PageID #: 612, 614-15, 617.
[28] Doc. 1-2, ¶43-45.  Johnson's complaint does not explicitly mention Title VII.  However, on October 30, 2023, Johnson filed a charge with the Equal Employment Opportunity Commission (EEOC).  Doc. 1-4, PageID #: 65-67.  Sixth Circuit courts have consistently held that Ohio Revised Code Chapter 4112 tracks Title VII "both with respect to substantive law and evidentiary standards." *Garcar v. City of Youngstown*, No. 4:17CV1698, 2019 WL 969401, at *1 (N.D. Ohio Feb. 28, 2019).  So, the Court construes Johnson's complaint as incorporating his implied Title VII claim by reference.

Case No. 1:23-cv-02193
GWIN, J.

Administrative remedy exhaustion is a precondition to filing a Title VII or R.C. § 4112.02 suit.[29]  On October 30, 2023, Plaintiff Johnson filed a grievance with the Ohio Civil Rights Commission and the EEOC, alleging discrimination by Defendants.[30]

Defendants argue that Johnson has not shown that he has exhausted his administrative remedies.  Johnson has not offered evidence showing that he has completed the administrative process, specifically, by receiving a right-to-sue letter from the EEOC.[31]  So, the Court dismisses Johnson's state and federal discrimination claims.[32]

### 2.  Other Federal Claims

At times in this case, Plaintiff Johnson appears to assert a due process claim and a Monell[33] claim.  For example, as part of his allegations for Count Two, Breach of Contract, Plaintiff Johnson alleges that Defendants' process that led to his discipline was "an abuse of discretion, arbitrary and capricious, and discriminatory."[34]  In his opposition to Defendants' motion for judgment on the pleadings, Johnson argues that he has "pled adequate allegations that the deprivations of which they complain were caused by an official policy of the City," in regards to Defendants' statutory immunity.[35]

Neither instance sufficiently states a claim for relief.

---

[29] *See Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008).

[30] Doc. 104.

[31] *See* Doc. 1-2, ¶ 32.  On May 5, 2025, per the Court's order, Defendants filed a status report asserting that as of May 2, 2024, Plaintiff Johnson had not received a right-to-sue letter.  A court may consider matters of judicial notice without converting a motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Even when a plaintiff does not refer directly to a document in his pleadings, that document—or the absence thereof—may be incorporated by reference when a plaintiff references his rights under that document and the document is central to the plaintiff's claims.  *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).  Even if the Court did not consider Defendants' status report, Johnson's complaint by itself is facially deficient, as he does not allege he received a right-to-sue letter.

[32] *See Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civ. Rts. Comm'n*, 421 N.E.D.2d 128, 131 (1981) (federal case law interpreting Title VII is applicable to cases involving alleged violations of R.C. 4112).

[33] *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978).

[34] Doc. 1-2, ¶ 40.

[35] Doc. 11, PageID #: 628.

Case No. 1:23-cv-02193
GWIN, J.

Including elements of a due process claim within a claim for breach of contract does not meet the pleading standard under *Twombly* and *Iqbal*.[36]  The Court cannot discern the nature of any due process claim from Plaintiff's complaint.  As described above, the City gave Johnson hearings to contest his demotion.

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did that violated the asserted constitutional right."[37]  Further, "courts should not have to guess at the nature of the claim asserted."[38]

And, even if Johnson seeks to bring a *Monell* claim, he cannot do so by first raising allegations in an opposition brief to Defendants' motion for judgment on the pleadings.[39]  So, to the extent that Plaintiff Johnson intended to raise other federal claims, the Court grants Defendants' motion for judgment on those claims as well.

## B.  State Claims

As an initial matter, the Court exercises supplemental jurisdiction over Plaintiff's remaining state law claims.[40]  Those state law claims—civil conspiracy, breach of contract, defamation, and intentional infliction of emotional distress—are preempted by Johnson's labor agreement as a member of the City of Cleveland police force.  Additionally, Johnson has not adequately pled allegations that state claims for relief for any of his remaining state claims.

---

[36] *See Iqbal*, 556 U.S. at 667-78 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[37] *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citation omitted).

[38] *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2021) (internal citation and quotation omitted).

[39] *See* Fed. R. Civ. P. 15(a)(2) (aside from amendment as a matter of course, parties may only amend pleadings with the court's leave).

[40] *See Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir.1991) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

Case No. 1:23-cv-02193
GWIN, J.

### 1. Labor Agreement Preemption

"[I]f a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. § 4117, the remedies provided in that chapter are exclusive."[41]  The Ohio Supreme Court has held that courts lack jurisdiction over claims arising from collective bargaining rights at the motion to dismiss stage.[42]

Plaintiff Johnson does not dispute that the City of Cleveland Division of Police is covered by a labor agreement, nor does he argue that he was excepted from this agreement in his Commander position.  Rather, prior to filing the present case, Johnson initiated the grievance process as detailed in the labor agreement, along with filing an EEOC complaint.[43]  Johnson has not alleged that he has exhausted the administrative remedies outlined in the labor agreement.

In their answer to Plaintiff Johnson's complaint, Defendants attached a copy of the labor agreement between the City of Cleveland and the Cleveland police union.[44]  That labor agreement states that its grievance procedures "shall be the exclusive method of reviewing and settling disputes between the City and the [police] and/or between the City and [a] member" of the police union.[45]  The labor agreement covers internal investigations, disciplinary hearings, and post-discipline grievances and appeals, including mandatory arbitration.[46]

---

[41] *Chenevy v. Greater Cleveland Reg'l Transit Auth.*, 992 N.E.2d 461, 465 (Ohio Ct. App. 2013) (*quoting Franklin Cty. Law. Enf't Ass'n*, 572 N.E.D. 2d 87, 90 (Ohio 1991)).
[42] *See, e.g., State ex rel. Cleveland v. Sutula*, 937 N.E.2d 88, 94 (Ohio 2010).
[43] Doc. 1-2, ¶ 32.
[44] Doc. 6-4.
[45] *Id.*, PageID #: 561.
[46]*Id.*, PageID #: 535-38; 558-62.

Case No. 1:23-cv-02193
GWIN, J.

Plaintiff Johnson's remaining claims all arise from his investigations and disciplinary process Cleveland subjected him. to as a City of Cleveland police union member subject to the labor agreement.  Count One, civil conspiracy, alleges that the internal investigations into Johnson's misconduct as a Commander was a conspiracy perpetuated by Defendants.[47]  Count Two, breach of contract, alleges that Defendants' investigation and disciplinary process—detailed in the labor agreement—breached the labor agreement.[48]  Count Four, defamation, alleges that Defendants' false statements instigated the internal investigation process and unfairly subjected Johnson to discipline.[49]  Count Five, intentional infliction of emotional distress, alleges that Defendants' internal investigations and disciplinary process were outrageously harmful.[50]  Because Plaintiff Johnson's remaining state law claims fall within the labor agreement's ambit for grievances, they must be dismissed.

### 2.  Failure to State a Claim

Even if Johnson's remaining state claims were not preempted by the labor agreement, Defendants are owed judgment on those claims.

**Count One: Civil Conspiracy**.  Ohio courts define "civil conspiracy" as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages."[51]

Here, Plaintiff Johnson alleges a conspiracy of only person, so this claim must be dismissed.  Johnson alleges that Defendants Drummond, O'Neil, and Schlacht conspired to

---

[47] Doc. 1-2, ¶¶ 33-37.
[48] *Id.*, ¶¶ 38-42.
[49] *Id.*, ¶¶ 46-51.
[50] *Id.*, ¶¶ 52-56.
[51] *Kenty v. Transamerica Premium Ins. Co.*, 650 N.E.2d 863, 867 (Ohio 1995) (*quoting LeFort v. Century 21-Maitland Realty Co*, 512 N.E.2d 640, 645 (Ohio 1987)).

Case No. 1:23-cv-02193
GWIN, J.

fire Johnson from his Commander position via a series of malicious internal investigations.[52]

However, Johnson only details what actions Schlacht took against him, not O'Neill or

Drummond.[53]   Johnson alleges that Schlacht is a close associate of O'Neill's and

Drummond's.  Besides that statement, Johnson does not detail how Drummond or O'Neil

conspired against him.  Johnson says that he requested an audience with Drummond, and

that once Johnson was disciplined, Drummond informed Johnson that Johnson could no

longer represent the Cleveland police.  These allegations do not plausibly state a claim of

two or more people conspiring to injure Johnson.

 **Count Two: Breach of Contract.**  "As a general rule in cases to which federal law

applies, federal labor policy requires that individual employees wishing to assert contract

grievances must attempt use of the contract grievance procedure agreed upon by employer

and union as the mode of redress."[54]

 Plaintiff Johnson has not pled or shown that he has exhausted the labor agreement's

grievance process, so he cannot bring a breach of contract claim to enforce the labor

agreement.  So, the Court grants judgment to Defendants as to Johnson's breach of contract

claim.

 **Count Four: Defamation**.  Plaintiff Johnson has not alleged several of the required

elements to successfully plead a claim for defamation under Ohio law.  To do so, Johnson

must plead "1) a false statement; 2) about the plaintiff; 3) published to a third party; 4) with

the required degree of fault by the defendant publisher; and 5) defamatory per se or

---

[52] Doc. 1-2, ¶¶ 24-26.   H
[53] *Id.,* ¶¶ 19-30.
[54] *Rep. Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965).  *See also Truex v. Garret Freightlines, Inc.*, 784 F.2d 1347, 1353 (9th Cir. 1985).

Case No. 1:23-cv-02193
GWIN, J.

defamatory per quod."[55]  Johnson's complaint does not state with sufficient specificity which of Defendants' statements were false or to whom or when they were published.  The Court grants Defendants' motion for judgment on the pleadings as to Count Four.

**Count Five: Intentional Infliction of Emotional Distress.**  To successfully state an Ohio claim for intentional inflection of emotional distress (IIED), Johnson must plead allegations that Defendants' conduct was "extreme and outrageous."[56]  Even drawing all facts and inferences in Johnson's favor, he does not allege sufficiently extreme or outrageous conduct.

Johnson says that Defendants initiated internal investigations against him due to a malicious conspiracy against him.  Ohio courts find that extreme and outrageous conduct goes "beyond all possible bounds of decency" and is "utterly intolerable in a civilized community." [57]  Defendants' alleged treatment of Johnson does not reach the level of extreme and outrageous behavior.

Johnson also says that he was unable to sleep and suffered severe emotional and psychological distress.[58]  He does not, however, detail his distress further.  And "discrimination, by itself, is insufficient to support an IIED claim."[59]  The Court accordingly grants judgment to the Defendants on Johnson's IIED claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings on all of Plaintiff Johnson's claims.

---

[55] *Garofolo v. Farview Park*, Nos. 92283, 93021, 2009 WL 4694877, at *3 (Ohio Ct. App. Dec. 10, 2009) (quotations and citation omitted).
[56] *Mender v. Chaucey*, 41 N.E.3d 1289, 1299 (Ohio Ct. App. 2015).
[57] *See Mender v. Chauncey*, 41 N.E.3d 1289, 1299 (Ohio Ct. App. 2015).
[58] Doc. 1-2, ¶ 26.
[59] *Cummings v. Greater Cleveland Reg. Transit Auth.*, 88 F. Supp. 3d 812, 821 (N.D. Ohio 2015) (*quoting Fuelling v. New Vision Med. Labs. LLC*, 284 F. App'x 247, 261 (6th Cir.2008)).

Case No. 1:23-cv-02193
GWIN, J.


IT IS SO ORDERED.


Dated: May 13, 2024                          s/      James S. Gwin
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE